UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER, *individually and on behalf of the Proposed Claim, and victims of the allegations & charges, and The People of The United States of America*,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LUXOTITICA RETAIL NORTH AMERICA, INC., DBA LENS CRAFTERS, ZENNI OPTICAL, GLASSES.COM, AND OTHER UNKNOWN MISCELLANEOUS COMPANIES; ZENNI OPTICAL; FEDERAL TRADE COMMISSION; FBI – SAN DIEGO FIELD OFFICE; USSOCOM; FBI; CIA; SECRET SERVICE; IRS; SEC; and DHS,<br><br>　　　　　　　　Defendants. | Case No.: 23-cv-1771-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2) filed by Plaintiff Terrance Turner.

1

## I. BACKGROUND

On September 25, 2023, Plaintiff, proceeding pro se, initiated this action by filing a Complaint against Luxotitica Retail North America, Inc., dba Lens Crafters, Zenni Optical, Glasses.com, and Other Unknown Miscellaneous Companies; Zenni Optical; Federal Trade Commission; FBI – San Diego Field Office; USSOCOM; FBI; CIA; Secret Service; IRS; SEC; and DHS.[1] (ECF No. 1.) Plaintiff also filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## II. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $402.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

Plaintiff states in his application to proceed IFP that he is not presently employed and the last wages he received was $800 and $300 in May 2023. (ECF No. 2 at 2.) Plaintiff states that he is "attempting to gain employment." *Id.* Plaintiff states that he has a bank

---

[1] Plaintiff alleges that jurisdiction is proper in the Northern District of California and the captions of the Complaint and IFP Motion state "Northern District of California." (ECF No. 1 at 1; ECF No. 2 at 1.) However, Plaintiff's filings were mailed to the Southern District of California. (*See* ECF No. 1-3 at 1.) At least one Defendant is located in San Diego, California, based upon the Complaint. (ECF No. 1-2.) Further, it is unclear based upon the allegations in the Complaint where the alleged conduct occurred such that the Court could determine whether the Southern District of California is the proper venue. The Court does not dismiss the Complaint on venue grounds at this time. *See* 28 U.S.C. § 1391(b).

account with a balance of $2000 and $200 in cash. *Id.* at 3. Plaintiff states that his monthly expenses include $3000 for rent, $500 for food, and $50 for utility payments. *Id.* Plaintiff states that his debts are unknown at this time. *Id.*

After considering Plaintiff's application, the Court finds Plaintiff has sufficiently shown an inability to pay the filing fee and may proceed IFP pursuant to 28 U.S.C. § 1915(a).

### III.  INITIAL SCREENING OF THE COMPLAINT

#### A.  Factual Allegations in the Complaint

Plaintiff alleges that Defendant Lens Crafters and other Defendants "are currently making Americans go blind due to their rampant changes in the medical system, in the field of eyewear and eyecare products." (ECF No. 1 at 4.) Plaintiff alleges that due to COVID-19, "many Americans are going blind due to a number of co-inhabiting, co-effecting, co-contraindicating, side-effects applying reasons and effects," including "vehicle operators and car drivers with incorrect headlight beam utilities and products, mouth breathers and other forms of sickness putting crap, detritus in the air, atoms, particles, molecules, bacteria, fungii, virii, and other harmful pathogens causing microbial and micromolecule level sickness in the body that cannot be remanded or treated without advanced series of chemicals." *Id.* Plaintiff alleges that "[t]elevisions, computer screens, anything that displays output the wrong wavelength combinations, wrong brainwave entrainment effects, wrong colors, too much input for the eye" in addition to "[t]oo much sickness in the air." *Id.* Plaintiff alleges that "[t]hese general reasons[] are causing many eyewear manufacturers and utility services that operate in the same market, and same industry 'to go out of stock' on many items." *Id.* at 5. Plaintiff alleges "there is a lack of quality control in many products," as evidenced by "vehicles that have bad, odd, weird, and failing geometry and wrong and incorrect and off[] center gravity configurations." *Id.*

Plaintiff alleges that "[f]ood is bad in grocery stores." *Id.*

Plaintiff alleges that blue filtering light is not safe for eyes, "products on the websites" have frames that are too round, and manufacturers are adding "too much tilt in

different directions in the frame." *Id.* at 6. Plaintiff alleges that "[t]he eyeglasses and eyewear are not what are represented on the website." *Id.* at 7. Plaintiff alleges that "[t]he company should issue a disclaimer" and certain products "should be banned from the market." *Id.* at 8. Plaintiff alleges that "[t]hese companies know of the harmful effects that they are causing," "are distorting market products for some agenda that serves the purpose of several attacking nation states," and "are destroying the country's economy." *Id.* at 8–9.

Plaintiff brings the following ten claims: (1) 15 U.S.C. § 45, unfair methods of competition unlawful; (2) 15 U.S.C. § 13, discrimination in price, services, or facilities; (3) Uniform Commercial Code § 2-314, implied warranty merchantability, usage of trade; (4) 15 U.S.C. § 2308, implied warranties; (5) 15 U.S.C. § 2310, remedies in consumer disputes; (6) 15 U.S.C. § 13A, discrimination in rebates, discounts, or advertising service charges, underselling in particular localities; (7) 15 U.S.C. § 2051, congressional findings and declaration of purpose; (8) 15 U.S.C. § 2056, consumer product safety standards; (9) 15 U.S.C. § 2068, prohibited acts; and (10) 15 U.S.C. § 50, offenses and penalties. (*See* ECF No. 1 at 9–13.)

### B.   Legal Standard

Pursuant to 28 U.S.C. 1915, the Court is required to screen cases filed by parties proceeding IFP. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners" and also apply to non-prisoners). 28 U.S.C. § 1915(e)(2) states that

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The Court of Appeals for the Ninth Circuit has explained that "[i]t is true that 1915(e)(2)'s provision for dismissal for failure to state a claim itself penalizes

indigent non-prisoner plaintiffs for the alleged abuses of prisoner plaintiffs." *Lopez v. Smith*, 203 F.3d 1122, 1129 n.10 (9th Cir. 2000). However, the Court of Appeals elaborated that "Congress inserted 1915(e)(2) into the in forma pauperis statute, and [courts] must follow this clear statutory direction." *Id.*

The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "However, a liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[T]he mere possibility of misconduct" or "an unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**C.   Discussion**

With respect to Defendants Federal Trade Commission, FBI – San Diego Field Office, USSOCOM, FBI, CIA, Secret Service, IRS, SEC, and DHS, Plaintiff has not alleged facts in the Complaint to support any claims against these Defendants.

As an initial matter concerning Defendants Luxotitica Retail North America, Inc., dba Lens Crafters, Zenni Optical, Glasses.com, Other Unknown Miscellaneous Companies and Zenni Optical, Plaintiff does not make allegations to indicate who each claim is brought

against, nor does he include any allegations as to each of these Defendants' conduct. For this reason alone, the Complaint must be dismissed for failure to state a claim.

Plaintiff asserts his first claim pursuant to 15 U.S.C. § 45, the Federal Trade Commission Act. However, this Act does not recognize a private right of action. *See* 15 U.S.C. § 45(a)(2) ("The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations … from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce."); *Carlson v. Coca Cola Co.*, 483 F.2d 179, 280 (9th Cir. 1973); *see also Carreno v. 360 Painting LLC*, No. 3:19 CV 02239 LAB BGS, 2020 WL 4673826, at *3 (S.D. Cal. Aug. 12, 2020).

Plaintiff asserts his second claim pursuant to 15 U.S.C. § 13. A claim under Section 13(a) requires the plaintiff to allege (1) two or more contemporaneous sales by the same seller, (2) at different prices, (3) of commodities of like grade and quality, (4) where at least one of the sales was made in interstate commerce, (5) the discrimination had the requisite effect upon competition generally, and (6) the discrimination caused injury to the plaintiff. *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975). Plaintiff has not asserted facts to adequately allege each element required under Section 13(a).

Plaintiff asserts his third claim pursuant to Uniform Commercial Code § 2-314. Plaintiff has not specified under which state law this claim is brought, but in liberally construing Plaintiff's Complaint and applying California law, California Commercial Code § 2314 requires that "a plaintiff asserting breach of warranty claims must stand in vertical privity with the defendant," and "[a] buyer and seller stand in privity if they are in adjoining links of the distribution chain. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Plaintiff has not alleged privity with any of the Defendants.

Plaintiff asserts his fourth claim pursuant to 15 U.S.C. § 2308, which states that

> No supplier may disclaim or modify … any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.

15 U.S.C. §2308(a). However, Plaintiff has not alleged facts that he is a consumer of Defendants' products, that any Defendant modified or disclaimed any implied warranty, that there was a written warranty, or that a service contract was entered into.

Plaintiff asserts his fifth claim pursuant to 15 U.S.C. § 2310. Section 2310(d) provides for a civil action by a consumer for damages, stating that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief," subject to jurisdictional requirements. 15 U.S.C. § 2310(d). Plaintiff has not alleged facts to support a claim under this code section. Specifically, Plaintiff has not alleged that he was damaged or that any Defendant did not comply with an obligation under this chapter, written warranty, implied warranty, or service contract.

Plaintiff asserts his sixth claim pursuant to 15 U.S.C. § 13A, which provides that it is unlawful to sell "goods at unreasonably low prices for the purposes of destroying competition or eliminating a competitor." 15 U.S.C. § 13A; *see also William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, n.48 (9th Cir. 1981) ("15 U.S.C. § 13a … directly proscribes 'unreasonably low prices.'"). Plaintiff fails to allege facts that any Defendant sold goods at unreasonably low prices for the purpose of destroying its competition.

Plaintiff asserts his seventh cause of action pursuant to 15 U.S.C. § 2051, which is titled "Congressional findings and declaration of purpose," and eighth cause of action pursuant to 15 U.S.C. § 2056, which is titled "Consumer products safety standards." "[A] private cause of action is allowed under [the Consumer Product Safety Act, 15 U.S.C. §§ 2051–2084] only if a plaintiff alleges that an injury was caused by a defendant's knowing violation of a consumer product safety rule or other order issued by the Consumer Product Safety Commission." *Williams v. Andes Grp.—New Day Baby Powder*, No. CV 17-01639-CSA (PLA), 2017 WL 2785416, at *3 (C.D. Cal. June 27, 2017); *see* 15 U.S.C. § 2072(a) ("Any person who shall sustain injury by reason of any knowing (including

willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order…."). Plaintiff has not alleged an injury that was caused by any Defendant's knowing violation of a consumer product safety rule or order.

Plaintiff asserts his ninth claim pursuant to 15 U.S.C. § 2068. Section 2068 provides a list of sixteen prohibited acts. Plaintiff has not alleged facts to indicate which prohibited act he asserts any Defendant violated.

Plaintiff asserts his tenth claim pursuant to 15 U.S.C. § 50. Plaintiff cites verbatim part of the text pertaining to this code section. Plaintiff's Complaint does not contain nonconclusory allegations that any Defendant "neglect[ed] or refuse[d] to attend and testify, or to answer any lawful inquiry or to produce documentary evidence" or "willfully ma[d]e … any false entry or statement of fact in any report required to be made under this subchapter." 15 U.S.C. § 50.

The Court concludes that Plaintiff fails to allege facts stating a claim against any Defendant and dismisses the Complaint without prejudice.

## IV.  LEAVE TO AMEND

As discussed, the Court finds Plaintiff's Complaint fails to state any claim upon which relief can be granted and must be dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). Because Plaintiff is proceeding pro se, the Court, having now provided him "notice of the deficiencies in his complaint," will also grant him another opportunity to fix them. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Plaintiff is also reminded that an amended complaint must be a complete document in and of itself. *See* S.D. Cal. CivLR 15.1(a) (stating that an amended pleading "must be complete in itself without reference to the superseded pleading"); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

/ / /

## V. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 2) is granted.

IT IS FURTHER ORDERED that the Complaint is dismissed without prejudice. No later than **sixty (60) days** from the date of this Order, Plaintiff may file a first amended complaint, which cures the defects in his original complaint. If no amended complaint is filed, the Court will direct the Clerk of Court to close this case.

Dated: October 30, 2023

Hon. William Q. Hayes
United States District Court